## Louisville, City of, *v.* E. W. C. Humphrey, etc.

**Municipal Corporation—Street Improvement—City Not Liable to Contractor When Made on Private Property.**

The city charter forbids that the city should be taxed with the cost of work of the character of that done by the contractor, when put upon private property, or upon a street or alley for improving which the adjacent property could have been made liable. If, therefore, there is no public alley where the work was done, the city is not liable because the charter forbids it. If, on the other hand, there is an alley, the city is not liable, but the owners of the adjacent land are.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 5, 1871.

Opinion by Judge Lindsay :

Pursuant to an ordinance regularly passed by the general council of the city of Louisville, the mayor contracted with Salvage and Terry to grade and pave a strip of ground extending from Floyd street to Waterberry street and designated in the ordinance and contract as an alley twenty feet wide.

The work having been completed and accepted and the costs thereof apportioned according to law among the owners of the lots binding on the supposed alley, this suit was brought thereon by a holder by assignment from the contractors of a part of the apportionment warrants to compel payment thereof. The city was made a party to the suit and judgment was prayed for against it in the event that no recovery could be had against the adjacent property. The lot owners answered and resisted a recovery upon the sole ground that there was no public alley at the place where the work was done, but the same was the private property of E. W. C. Humphrey. The cause was prepared upon that single question and on final hearing the court adjudged that

the ground covered by the work done under the contract was the private property of said Humphrey, and dismissed the petition as to all of the defendants except the city. Thereupon the plaintiff amended his petition and alleged that the ground upon which the work was done was private property, and that the city council had no authority to order it to be improved, and prayed for judgment against the city for the price of the work. To that pleading the city made no answer, and the court rendered judgment for the amount claimed, and to reverse that judgment the city prosecutes this appeal, and also appeals from the judgment dismissing the petition as to the lot owners.

As to the last named judgment it is only necessary to say that the city is no party to it and can not appeal from it, and that much of the appeal is therefore dismissed.

Counsel for the city argues first, that the ground improved is a public alley, which counsel for the property owners maintain the converse. It is also contended, for the city, that whether the ground is a public alley or not, a judgment against the city was unauthorized. If the latter position is well taken we need not consider the first. The argument is, that if the improvement was made upon ground that had become a public alley, the lot owners could have been rendered liable to pay its costs and if the lot owners are, or could have been made liable, the city is not liable; and if the ground has not become an established alley the city council had no power to contract for its improvement and the ordinance and contract are ultra vires and therefore void. The improvement of streets and alleys is within the general scope of the powers and authority of the city government, and we are not prepared to decide that the simple fact that the ground where the improvement was made was private property would exempt the city from liability to a contractor who had completed his work according to ordinance and contract if it were not for the peculiar provision of that part of the charter of the city relating to payments for the improvements for public highways.

Section 12 provides that the streets, alleys, etc., in the city shall be under the management and control of the city government, and that the city shall have power to improve them at the exclusive cost of the owners of adjacent property, and for the

apportionment of the costs among such owners, and then pro-
vides that in no event shall the city be made liable for such
improvements without having the right to enforce it against the
property receiving the benefit thereof. In view of this provision
we held in *Craycraft v. Selvage,* 10 Bush 696, that when, by
taking the proper steps the general council could have made the
improvements at the costs of the property holders, the city
could not be made liable to the contractor although in conse-
quence of the neglect or omission of the council to adopt the
necessary measures the property-holders escaped liability. In
*Caldwell v. Rupert,* 10 Bush 179, and the *City of Louisville v.
Nevin* (10 B. 549), we held that inasmuch as the general council
had power to improve all the streets and alleys in the city when
the nature or ownership of property is such that no steps which
could be taken would render it liable for the costs of the improve-
ments, the city would be liable. But in this case, if the work
done was upon private property, the general council neither had
power to have it done nor to make its costs a charge upon adja-
cent property, and the principles of the last two cases cited does
not apply to this.

The language of the charter forbid a judgment against the
city because, although there was no authority to make the costs
a charge on the property, there is a prohibition to make it a
charge against the city. In Nevins' case there was authority
to make the improvement because it was made on an established
street, which the charter in express terms gives the council
power to improve and that grant of power would have been
defeated unless the work could be paid for by the city, and it
was therefore necessary to consider the two provisions in con-
nection in order to give full effect to the legislative will, and to
effectuate the design of the charter. In this case, however, there
is but a single clause of the charter bearing upon the subject,
and that forbids that the city should be taxed with the cost of
work of the character of that done by Selvage and Terry when
put upon private property, or upon a street or alley for improv-
ing which the adjacent property could have been made liable.
If, therefore, there is no public alley where the work was done,
the city is not liable because the charter forbids it; if, on the
other hand, there is an alley the city is not liable but the owners

of adjacent land are, it being tacitly conceded that all the steps were taken which are necessary to a valid ordinance and contract.

Wherefore the judgment is reversed and the cause is remanded with directions to dismiss the petition as to the city. The city is entitled to costs against Vollmer; the other appellees are en= titled to costs against the city.

*Bennett, Humphrey, Fox & Twyman, for appellees.*